THE WATERBURY BLANK BOOK MANUFACTURING CO. vs.
WATSON M. HURLBURT.

Third Judicial District, Bridgeport, April Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Chapter 181 of the Public Acts of 1895 provides that an appeal may be taken to the Superior Court from final judgments of the District Court of Waterbury, in "actions" wherein the matter in demand exceeds $1,000. *Held* that an arbitration proceeding involving more than $1,000, instituted by the parties under sanction of a rule of court and terminating in a valid judgment, was an "action" within the meaning of the Act of 1895, and that the party defeated therein had a right of appeal to the Superior Court.

The appeal in such case does not vacate nor impair the validity of the award.

Submitted on briefs April 19th—decided May 29th, 1901.

AMICABLE submission to arbitration under a rule of the District Court of Waterbury, which accepted the report of the arbitrator, Charles G. Root, Esq., and rendered judgment for the plaintiff to recover $428 and costs, and appeal by the defendant to the Superior Court in New Haven County. In that court the plaintiff moved to erase the case from the docket, which was denied (*George W. Wheeler, J.*), and thereafter, no objection having been filed to the report of the arbitrator, the court, *Roraback, J.*, accepted the same and rendered judgment in accordance therewith, from which the defendant appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*John O'Neill,* for the appellant (defendant).

*Albert P. Bradstreet*, for the appellee (plaintiff).

TORRANCE, J.   Prior to September 16th, 1899, the Waterbury Blank Book ˙Manufacturing Company, hereinafter styled the Blank Book Company, claimed that Hurlburt owed it $841.36, and Hurlburt claimed that it owed him $2,471.45. They agreed in writing to submit their claims against each other to arbitration, under a rule to be made by the District Court of Waterbury, and annexed to said agreement an itemized statement of their respective claims.   Subsequently they filed said agreement in the District Court of Waterbury, and thereupon said court ordered that said agreement should be entered of record, and that the parties thereto should each submit to and be finally concluded by such arbitration, upon the award being returned to and accepted by said court.   Subsequently the award made pursuant to said agreement and rule was filed in said court and accepted by it.   The award was in favor of the Blank Book Company, and provided that Hurlburt should pay to it a specified sum of money, together with the costs of the proceeding, including the arbitrator's fees.   Subsequently the court rendered judgment against Hurlburt pursuant to the terms of the award.   From this judgment Hurlburt appealed to the Superior Court, and the appeal was allowed.   In that court the Blank Book Company filed a motion to erase the cause from the docket, on the ground that in such a case the law allowed no appeal to the Superior Court. The court dismissed the motion, and subsequently, on February 1st, 1901, ordered that judgment be entered upon the award on the 8th of that month, "unless objection is made to the acceptance of the same before that date."   Upon the day last named, no objection having been made, judgment was rendered in the Superior Court in favor of the Blank Book Company in accordance with the terms of the award.   From that judgment Hurlburt brings the present appeal, mainly on the ground that the appeal which he took to the Superior Court was void, and that consequently that court had no jurisdiction to render the judgment from which he now appeals.   It thus appears that in the District Court of Water-

Waterbury Blank Book Mfg. Co. *v.* Hurlburt.

bury, and in the Superior Court, for aught that appears of record, he claimed that the law allowed an appeal to the Superior Court; he now claims that it does not. Whether it does or not is the principal question here, and the answer to it depends upon the construction of the statute regulating appeals from the District Court of Waterbury to the Superior Court.

That statute provides that "from all final judgments or decrees rendered or passed by said court in actions wherein the matter in demand exceeds one thousand dollars, the party feeling aggrieved thereby may appeal to the Superior Court," upon giving bond as required by the statute. Public Acts of 1895, Chap. 181. To entitle a party to an appeal under this statute three things must exist: (1) the proceeding in the District Court must be an "action"; (2) the matter in demand in it must exceed one thousand dollars; and (3) the judgment or decree in such proceeding must be "final." When these three things exist the statute gives the right of appeal to the Superior Court. In the proceeding in the District Court which is in question here, the "matter in demand" exceeded one thousand dollars, and the judgment rendered therein was a final judgment; and if said proceeding was an "action" within the meaning of that word as used in this statute, then Hurlburt had the right to take his appeal as he did.

In a general sense the word "action" means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides. The proceeding by way of submission under a rule of court, under our statute, is clearly a proceeding of this kind. It is one in which the parties submit themselves to the jurisdiction of the court and ask its aid in obtaining redress as against each other. The submission is irrevocable by them as against each other. *Bray* v. *English*, 1 Conn. 498. The award when made must be returned to court, and the court is expressly authorized by statute to accept it; and this power to accept the award includes the power to reject it upon proper grounds, legal or equitable, and to hear and determine all questions relating to this matter properly presented before

it by the parties; *In re Curtis-Castle Arbitration*, 64 Conn. 501; and when these questions are disposed of the court is by statute empowered to render judgment upon the award and to issue execution upon the judgment.

A proceeding of this kind, instituted in the District Court of Waterbury by the proper parties, for the settlement and enforcement of all their rights, legal or equitable, as against each other, and terminating in a judgment binding upon them, is, we think, an "action" within the meaning of that word as used in the statute under consideration; and consequently we are of opinion that the appeal to the Superior Court was well taken.

We also think that the appeal did not vacate nor in any way affect the validity of the award, and that in the absence of objection or remonstrance of any kind to the award the Superior Court properly rendered judgment thereon.

The last reason of appeal, to the effect that the court left "it to the clerk to determine whether in fact objection was made to the acceptance of the award" before February 8th, 1901, is without foundation; for in the judgment it is expressly found by the court that no such objection was made.

There is no error.

In this opinion the other judges concurred.