MAX BOLTUCH ET AL. *v.* LORETTA A. RAINAUD ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 4—decided November 21, 1950

*Charles M. Lyman,* with whom was *Samuel H. Platcow,* for the appellants (plaintiffs).

*William F. Geenty,* with whom was *R. William Bohonnon,* for the appellees (defendants).

JENNINGS, J. The principal question in this case may be stated as follows: Must notice of the pendency of an application or motion to vacate, modify or correct an arbitration award under General Statutes,

§§ 8161-8163, inclusive, be given the adverse parties within thirty days of the notice of the award? It is raised by various dilatory pleas filed by the defendants and depends for its answer on facts of record, which appear in part in the case of *Rainaud* v. *Boltuch* (Superior Court, New Haven County, No. 72782), of which we take judicial notice. These are summarized as follows: On March 22, 1949, the parties entered into an arbitration agreement. The matter was heard and the arbitrator rendered his decision on May 24. Copies were received by the parties May 25. On June 16 the defendants made application to the Superior Court at New Haven for judgment confirming the award. On the same day they procured an order, directed against the principal plaintiff, requiring him to appear in the Superior Court on June 24 and show cause why judgment should not enter on the award. In connection therewith, the defendants procured an order to serve notice of the application on the plaintiff by June 20. Service was made and returned to the clerk of the Superior Court at New Haven. An entry fee of $7 was paid and the case entered on the docket under the title "Loretta A. Rainaud and Henry E. Rainaud v. Max Boltuch, Docket Number 72782."

On June 22 the plaintiffs filed the motion attacked in the present proceeding, to vacate, modify or correct the award, with the clerk of the Superior Court at New Haven and paid an entry fee of $7. On June 30, counsel for the defendants accepted service of the motion "expressly reserving any and all rights of said defendants of any nature whatsoever other than the actual receipt on this day of the foregoing motion and attached exhibits." Section 8163 contains the provision that no such motion shall be made after thirty days from the notice of the award. The motion was made within that time. The ground of all of the de-

fendants' attacks on this proceeding is that service of the motion was not made on the defendants on time. They base this claim on the proposition that the motion was an independent proceeding which required service as in ordinary civil actions. General Statutes §§ 7766, 7767.

Since the plaintiffs' motion was made within the time limited by the statute, the defendants' pleas and motions are ineffective unless a provision for service on the defendants within the time limited is to be added to the statute by implication.

It *is* elementary that the defendants cannot be bound by the action of the court without reasonable notice and an opportunity to be heard. *Ackerman* v. *Union & New Haven Trust Co.*, 91 Conn. 500, 508, 100 A. 22; *Dorrance* v. *Raynsford*, 67 Conn. 1, 8, 34 A. 706; 66 C. J. S. 652. There is no rule in effect prescribing the procedure to be followed. The only relevant provision in the statutes is in § 8163: "Any [such] application . . . shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay." This indicates that notice of the pendency of the application or motion should be given but that it may be of the most informal character and should be prompt.

Not every proceeding requires service of process before it gets into court. Several illustrations are cited in the plaintiffs' brief. Among them are an application relating to the taking of property by eminent domain under General Statutes, § 2267, an appeal from probate and a foreclosure action in which the defendant cannot be served because he is out of the state. To these might be added an application for the reduction of an attachment under § 8044 and a writ of prohibition

under § 8226. In all of these instances the case is in court upon the filing of the application; the notice to the adverse party comes thereafter.

The question was examined with care by Judge Cornell in *Yale & Towne Mfg. Co.* v. *International Assn. of Machinists*, 15 Conn. Sup. 118. He held, in effect (p. 122), that the citations served were unnecessary, that the application was made when filed in court and that the statute was satisfied if notice was given within a reasonable time.

The parties to an arbitration set up their own tribunal and rules of procedure. *In re Curtis-Castle Arbitration*, 64 Conn. 501, 511, 30 A. 769. In various situations delineated in chapter 398 of the General Statutes they may seek the assistance of the court. Applications for such assistance are special proceedings not controlled by the formal requirements for service of process. *Fortune* v. *Killebrew*, 86 Tex. 172, 177, 23 S. W. 976; see *Temple* v. *Riverland Co.*, (Tex. Civ. App.) 228 S. W. 605, 608. Most of the cases cited by the defendants assume that the plaintiffs' motion was an ordinary civil action to be commenced as such. The plaintiffs' motion may come within such broad definitions of "action" as are to be found in *Waterbury Blank Book Mfg. Co.* v. *Hurlburt*, 73 Conn. 715, 717, 49 A. 198, and *Carbone* v. *Zoning Board of Appeals*, 126 Conn. 602, 605, 13 A. 2d 462. It was nevertheless a special proceeding, authorized by statute. *Pratt, Read & Co.* v. *United Furniture Workers*, 136 Conn. 205, 210, 70 A. 2d 120. The plaintiffs complied with the statute. The defendants' pleas and motions should have been overruled.

There is error, the judgment is set aside and the case is remanded with direction to overrule the pleas and deny the motions.

In this opinion the other judges concurred.