[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The applicant, Edward J. Albert, has moved to dismiss as untimely an application to vacate an arbitration award filed by Middlesex Insurance Company ("insurer"). The court finds that the insurer received notice of the arbitration award on February 15, 1990 and that it filed an application to vacate the award on March 7, 1990. That application, which was designated CV-90 29 65 22, was brought in the form of a civil action, with a summons which was not signed by counsel before the application was served on Albert on March 17, 1990 and returned to court on March 30, 1990.
Albert objected that process was deficient and ineffective to summon him to court, and Judge Fracasse dismissed the application "due to insufficiency of process."
The insurer then re-served the application on Albert, and upon its return to court the application was treated by the clerk's office as a new filing and designated a new docket number.
Section 52-420(a) C.G.S. provides that
 [a]ny application [to confirm, vacate or modify an arbitration award] shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay.
Subsection (b) of that statute provides that
 [n]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion.
Albert asserts that a motion to vacate an arbitration award is not "made" within the meaning of 52-420(b) C.G.S. until service in accordance with 52-45 C.G.S is made on the party in whose favor the arbitration was decided and that the defect in the summons not only rendered service ineffective but rendered the motion itself untimely.
Albert's contentions are negated by the reasoning of the Connecticut Supreme Court in Boltuch v. Rainaud, 137 Conn. 298,300, 77 A.2d 94 (1950). In that case, the Court regarded a motion CT Page 695 to confirm as having been "made" on the date the movant presented the application in the Superior Court with a request for a show cause order. The court rejected the claim that the application must be both filed with the court and served on the respondent in full accordance with the statutes governing service of civil process within the statutory time period.
The respondent in Boltuch v. Rainaud, like the respondent herein, received actual notice of the motion, and the Court in that case, 137 Conn. at 301, noted that the statute (the predecessor of 52-420 C.G.S.) did not state that service of the motion, as well as the making of the motion, must be accomplished within thirty days of receipt of notice as to the arbitrator's award.
To some extent, the holding in Boltuch is ambiguous because the movant returned the motion to court within the thirty-day period, apparently after informal service on the defendant. The court's observation that the statute does not require service within the thirty-day period defeats, however, any implication that the court relied on the return of the motion to court within that period. A finding that the statute does not require completed service within the thirty-day period renders illogical any contention that the Court can have decided that the movant must file, serve and return the motion to court within thirty days, especially since the Court stated "[n]ot every proceeding requires service of process before it gets in court" Boltuch, supra, 137 Conn. at 300-301 (enumerating various proceedings in which "the case is in court upon the filing of the application.)
Applications to vacate, confirm and modify arbitration awards have been held not to constitute "civil actions" for various purposes. See City of Waterbury v. Waterbury Police Union Local 1237, 176 Conn. 401, 407 A.2d 1013 (1979) (not civil action as to recovery of counsel fees), and the court finds that the filing of the application to vacate was not rendered untimely by the movant's initial failure to fulfill all requisites for valid service of a civil action.
The motion to dismiss is denied.
BEVERLY J. HODGSON, JUDGE