[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
FACTS
The defendant, Anthony Castellano, asserted an uninsured motorist claim against the plaintiff insurance company on a policy issued to his father. The matter was arbitrated and a written award issued dated September 4, 1991. It was received by this plaintiff on September 9, 1991.
On September 13, 1991, the plaintiff filed a motion to vacate in this court pursuant to 52-418 and 52-420 of the Connecticut General Statutes. The motion was file stamped on that date and the proper filing fee was paid. The file was assigned number CV-91-321864 and an order to show cause was issued addressing the motion, with a hearing ordered for October 15, 1991. The plaintiff was unable to serve the defendant in time for the October 15 hearing.
The plaintiff filed another copy of the motion to vacate and obtained a new show cause order, utilizing the same file and file number.
The defendant has filed a motion to dismiss addressing both applications. As to the first, he argues that service was not made and as to the second, he argues it is a new matter and is filed later than the 30 days following the award as required by CT Page 1036252-420.
DISCUSSION
Section 52-420 in pertinent part reads as follows:
Subsection (a):
 ". . . any award to confirm, vacate or modify an arbitration award shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay."
Subsection (b) provides:
 "No motion to vacate, modify or correct an award may be made after 30 days from the notice of the award to the party to the arbitration who makes the motion."
Any proceeding commenced to confirm, modify or vacate an arbitration award is not a civil action within the meaning of Title 52 of our statutes. Waterbury v. Waterbury Police Union,176 Conn. 401, 406 (1979). Instead they are to be considered special statutory proceedings. Boltuch v. Rainaud, 137 Conn. 298,301 (1950) and Waterbury v. Police Union, supra.
In Boltuch, the court concluded that the predecessor statute to 52-420(b) was complied with when the motion was filed within 30 days, though notice was given beyond that time. At page 301, the court referred to Yale Towne Mfg. Co. v. International Assn. of Machinists, 15 Conn. Sup. 118, wherein it was found that the application was made when filed in court and the statute was satisfied if notice was given within a reasonable time.
This proceeding commenced with the filing of the motion on September 13, 1991. This was within the 30 day period. Notice, as ordered by the court, was within a reasonable time.
CONCLUSION
The defendant's motion to dismiss is without merit and is denied.
ANTHONY V. DeMAYO, JUDGE CT Page 10363