[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Local 884, Council 4 AFSCME ("Union"), has moved to dismiss the application of the City of New Haven to vacate an arbitration award issued by the Connecticut State Board of Mediation and Arbitration ("Board").
The board's motion to dismiss raises various procedural issues, including the timeliness of the filing of the application to vacate.
Because the time of occurrence of certain events was in dispute, the court conducted a hearing. Having reviewed the evidence presented, the court finds the facts to be as follows. Though the City failed to file an actual copy of the award it seeks to have vacated, it identified in its application the subject matter of the award and the grievance sufficiently to put the union on notice as to the award being challenged. The court notes that the application identifies the award as having been issued in August 1991. The parties have agreed that the award in controversy was, in fact, issued by the Board on October 23, 1991. The union received its copy of the award on October 28, 1991. According to an employee in the office of the Town and City Clerk who receives and processes such documents, the City did not receive its copy of the award until November 12, 1991. Clifton Graves, Jr., Deputy Corporation Counsel, testified under oath that despite the notation on the award that a copy of the award had been sent to him as well as to the union's representative, he had not received the award until it was forwarded to him by the city clerk's office on November 13, 1991.
On November 27, 1991, the City filed an application to vacate the arbitration award, and the court, DeMayo, J., issued a hearing order designating December 3, 1991, at the date for a hearing on the application. That order indicates that the City should serve the application on the union at least twelve days before the scheduled hearing. CT Page 2143
The sheriff's return states that the application and hearing order were served on the union on December 19, 1991. Because the parties agreed to a continuance, the hearing did not take place on December 30, 1991. The application was not returned to court until February 24, 1992. The City also filed a pleading titled "Supplemental Application to Vacate Arbitration Award." That document, dated January 6, 1992, was served on the union on January 9, 1992 and was returned to court on February 24, 1992. This "supplemental application" includes an unsigned draft hearing order.
The plaintiff initially raised three grounds in support of its motion to dismiss but has abandoned the first ground (failure to file the application to vacate within thirty days pursuant to52-418 (c) C.G.S.) and raised an additional ground at oral argument upon learning that the application had not been returned to court until February 24, 1992, the date of the hearing. The remaining grounds on which the union relies are as follows:
1. the court lacks jurisdiction because the City failed to serve the application on the union at least twelve days prior to the hearing date, as required by the court in the order to show cause; and
2. the court lacks jurisdiction because the City failed to serve the union with the application to vacate within the statutory time limits of 52-420 (b) and 52-593a C.G.S.
3. the court lacks jurisdiction because the application was not returned to court in accordance with 52-46 C.G.S.
Section 52-420 (b) C.G.S. provides that "[n]o motion to vacate, modify or correct an [arbitration] award may be made after thirty days from the notice of the award to the parties to the arbitration who made the motion." The union received notice of the award on October 28, 1991, and is skeptical of the City's claim that it did not receive notice until almost two weeks later, that is November 12, 1991. While it is unusual for one party to a proceeding to receive notice so much later than the other, the union did not prove that notice was in fact received by the City earlier than November 12, 1991, the date stamped on the award in the City and Town Clerk's office. The issue thus becomes whether the motion to vacate was "made" within the meaning of 52-420 (b) C.G.S. within thirty days from the City's receipt of notice.
It is well settled that the time limitation of 52-420 (b), is satisfied if the application is made to the court within thirty days of a party's receipt of the award, and that a movant is not required to file, serve, and return process to court within that CT Page 2144 time period. Boltuch v. Rainaud, 137 Conn. 298, 300 (1950). In Boltuch at 301, the Supreme Court cited with approval Yale-Towne Mfg. Co. v. International Ass'n. of Machinists, 15 Conn. Sup. 118
(1947), in which a trial judge ruled that "the statute was satisfied if notice was given within a reasonable time." Plainly, the application was "made" within thirty days of November 12, 1991.
While the order to show cause instructed the City to serve the union at least twelve days before the scheduled hearing, that instruction cannot, in light of the above rulings, be held to be jurisdictional in nature, and the court finds that service on December 19 for a hearing scheduled to take place on December 30 afforded the union reasonable notice. Section 52-46 C.G.S. requires civil actions to be served at least twelve days before "the sitting of court." however since the court did not "sit" as to this application, the requirements of that statute were met assuming, arguendo, that the statute applies.
The union's invocation of 52-593a C.G.S. is likewise unavailing. That statute provides that "a cause or right of action shall not be lost because of the passage of time limited by law within which the action may be brought, if the process for service is personally delivered to an officer authorized to serve the person or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery."
The provisions of 52-593a serve to rescue cases from the expiration of a statute of limitation if process has been given to a sheriff before the expiration of the period of limitation and proper service is effected within fifteen days. This provision is simply inapplicable to the proceeding at bar, since the court has already found that the City "made" its application to vacate within the terms of 52-420 (b) within thirty days of its receipt of the arbitration award and, therefore, there was no occasion for a statutory rescue via 52-593 (a).
The union argues, in effect, that 52-593 (a) required the city, in a situation not addressed by that statute, to make service within fifteen days, a construction at odds both with the language of the statute and with the rulings that applications addressed to arbitration awards are not "civil actions." See City of Middletown v. Police Local, No. 1361, 187 Conn. 228, 231
(1982); Waterbury v. Waterbury Police Union Local 1237, 176 Conn. 401,408-9 (1979).
The last ground raised by the union in support of its motion to dismiss is that the City failed promptly to return the application to court after service on the union and, in fact, did CT Page 2145 not effect return of process until February 24, 1992, the date of the rescheduled hearing. The union claims that applications to confirm, modify or vacate arbitration awards are statutory appeals and are subject to the requirements of 52-46a C.G.S. That statute provides in applicable part that "[p]rocess in civil actions . . . returnable to the superior court . . . [shall be returned] to the clerk of such court at least six days before the return day." Again, in light of the above holdings that applications addressed to arbitration awards are not civil actions, it does not appear that 52-46a applies.
The union has not established that the filing, service or return to court of the City's application violated any applicable provision that would deprive the court of jurisdiction. The motion to dismiss is, therefore, denied.
BEVERLY J. HODGSON, JUDGE