[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff filed the present "appeal" from the assessment of damages by the Commissioner of Transportation ("Commissioner") resulting from property acquired by the Commissioner. The pleading seeks "a reassessment of damages and benefits by the Commissioner of Transportation." An Order of Notice was issued and the CT Page 7645 application and the Order of Notice were served upon the Commissioner. The defendant has filed a Motion to Dismiss the application for lack of personal jurisdiction on the grounds that the documents served upon the Commissioner do not contain a writ of summons or citation hailing the Commissioner into court citing such cases as Hillman v. Greenwich, 217 Conn. 520, 525 (1991).
"The principles that govern the validity of an administrative appeal are undisputed. Because the right to take an administrative appeal depends upon statutory authority, this court has regularly held that noncompliance with the statutory requirements of the Uniform Administrative Procedure Act implicates subject matter jurisdiction and renders a nonconforming appeal subject to dismissal. . . . Failure to include the citation required by 4-183
(b) is fatal to the validity of an administrative appeal. . . . A procedural default that implicates subject matter jurisdiction cannot be waived and may be raised at any time. . . ." (Citations omitted) McQuillan v. Department of Liquor Control, 216 Conn. 667,670 (1990). A summons is the "original process upon proper service of which an action is commenced and the defendant therein named within the jurisdiction of the court." A citation is a command to a duly authorized officer to summon the defendant to appear in court on a specific date to answer the complaint. Hillman v. Greenwich, supra 525-525 (1991). "A writ of summons is analogous to a citation in an administrative appeal; it is an essential element to the validity of the jurisdiction of the court." Hillman v. Greenwich, supra at 526.
Under the Uniform Administrative Procedure Act, General Statutes 4-183, an aggrieved person may "appeal a final decision" to the Superior Court providing the party appealing shall serve a copy of the appeal "on the agency that rendered the decision and then file the appeal" with Clerk of the Superior Court. In the present case, there is admittedly no summons or citation and the question therefore, is whether a summons and citation is necessary to take an appeal from the assessment of damages by the Commissioner.
Under General Statutes 13a-76, a person claiming to be aggrieved by the assessment of damages by the Commissioner, may "apply to the Superior Court. . .for a reassessment of such damages" and thereafter the court or judge "after causing notice of the pendency of such application to be given to the Commissioner" then appoints a State Trial Referee to make a reassessment of the damages. Accordingly, the procedure under General Statutes 13a-76
does not envision a writ of summons, describing the parties, the court to which the action is returnable, the return date, and the date and place for the filing of an appearance as required by General Statutes 52-45a. The Statute applicable in the present case, under which the plaintiff seeks a reassessment of damages, CT Page 7646 envisions only the filing of the Application and issuance of a "notice of the pendency of such application." Compare Practice Book Form 204.7 (citation) with Form 404.3 (order of notice).
Our Supreme Court has stated that application pursuant to General Statutes (Rev. 1949) 2267 (the predecessor of 13a-76) does not require service of process before the proceeding "gets into court." Boltuch v. Rainaud, 137 Conn. 298, 330 (1950). In the opinion of the court, the provisions of General Statutes 13a-76
do not require a citation or summons.
Accordingly, the Motion to Dismiss is hereby denied.
RUSH, J.