[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendants Marine Recreational Opportunities, Inc. and Frank Virgintino have moved to dismiss for lack of personal jurisdiction the plaintiffs' "Petition for Order to Show Cause on the grounds that it 1) is defective because not accompanied by a complaint and 2) was not returned to court the requisite six days before the return date.
The plaintiffs' "Petition for Order to Show Cause" appear CT Page 11389 to be a hybridized pleading in which the elements of a application for a preliminary mandatory injunction and the elements of a complaint are commingled in a single pleading.
The movants claim that because the plaintiffs have failed to file a complaint as well as an application for preliminary injunctive relief, the court lacks personal jurisdiction over the defendants because they have not been served with notice of the claimed cause of action in accordance with applicable statute and provisions of the Practice Book.
Section 52-45a C.G.S. provides that "civil actions shall be commenced by legal process consisting of a writ of summons or attachments . . . [which] shall be accompanied by the plaintiff's complaint." The court lacks jurisdiction to determine an request for relief absent a complaint.
An action for equitable relief is a civil action (unlike certain special statutory proceedings, see New Haven v. New Haven Water Co., 132 Conn. 496, 515-6 (1946)). Suits seeking equitable relief, like suits seeking legal relief are "civil actions." The case cited by the plaintiffs, Boltuch v. Rainaud, 137 Conn. 298
(1950), is not on point. The proceeding in that case was a application to vacate an arbitration award, which, pursuant to statute 52-418 C.G.S. is commenced by an application, without a complaint.
Because the plaintiffs herein are clearly attempting to commence a civil action, in aid of which they seek preliminary injunctive relief, they are required by 52-54 C.G.S. to serve both the writ of summons and the complaint upon the defendants as well as their application for preliminary injunctive relief.
Since the movants have not been served in accordance with the applicable statute, service is defective and the court lack in personam jurisdiction.
Accordingly, the motion to dismiss the plaintiffs' claim against defendants Marine Recreational Opportunities, Inc. and Frank Virgintino is granted.
Beverly J. Hodgson Judge of the Superior Court CT Page 11390