[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, David Goodkind, has moved to dismiss as untimely petitioner's application to vacate, modify or correct an arbitration award arising under the Connecticut "Lemon Law,"42-179 C.G.S. et seq.
Pursuant to 42-181 C.G.S., the respondent submitted to arbitration his claim that the automobile he had leased from the petitioner was defective. The issue whether the application to vacate or modify the arbitrators' award was timely filed challenges subject matter jurisdiction. The relative statute,42-181(c)(4), incorporates 52-420(b) C.G.S., which provides that "[n]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." CT Page 5838
Evidence presented in connection with the motion to dismiss establishes the facts to be as follows. The arbitrators' award was issued on March 29, 1993 and received by the parties on March 31, 1993. On April 29, 1993, the petitioner's counsel delivered to the clerk's office for the New Haven Judicial District an application to vacate the award. The application, to which were appended many documents, was accompanied by a purported copy, however a court clerk concluded that since the copy was considerably less voluminous, it could not be a full copy of the original submission. That clerk called the office of counsel for the petitioner and was advised that a new duplicate would be delivered to the clerk's office on Monday, May 3. The original, bearing the date stamp of April 29, 1993, was retained in the clerk's office. When the new copy arrived, the deputy chief clerk noticed that while the caption identified the location of the case as the Judicial District of New Haven at New Haven, the text of the application stated that the application was addressed to the Superior Court for the Judicial District of Hartford-New Britain at Hartford. Upon being advised of this discrepancy on May 4, 1993, plaintiff's counsel caused a new first page to be delivered to the New Haven clerk's office on May 5, 1993. The original first page, bearing the April 29 date stamp, was detached from the application and the replacement page was substituted. At no point did the clerk's office return the application to the petitioner's counsel for failure to comply with any statute or Practice Book provision required for effective filing.
The petitioner takes the position that its application was "made" within the meaning of 52-420(b) C.G.S. when the first version was delivered to the clerk and date stamped. The respondant takes the position that the application was not "made" until the actual document served upon him was delivered to the clerk's office.
The respondent further contends that the application was invalid because it contained no writ of summons.
Section 52-421 C.G.S. enumerates the pleadings and supporting documents to be filed in order to challenge an arbitration award. That statute does not require the filing of a duplicate of the application. Accordingly, the failure to comply with this request by the clerk's office (which apparently enables the clerk's office to keep a record of the application while the CT Page 5839 original is being served on the respondent), did not constitute a failure to file the application within thirty days. City of Danbury Business Aircraft Center, Inc., CV 92-0311607,1992 WL 347132 (Jud. Dis. Danbury, Nov. 17, 1992). The mention of the Judicial District of Hartford-New Britain in the body of the application did not create a jurisdictional defect since it is undisputed that the respondent resides in the New Haven Judicial District, and the application was in fact filed in this district as required by 42-181(c)(4) C.G.S.
The respondent has not supported his position that the failure of the petitioner to include a summons with the application deprives the court of subject matter jurisdiction. Section 525 P.B. provides that the judge to whom an application to vacate an arbitration award is made "shall cause to be issued a citation directing the adverse party or parties in the arbitration proceeding to appear on a date certain and show cause, if any there be, why the application should not be granted." The respondent has cited no requirement of a civil summons in addition to such a citation.
Since applications to vacate, confirm and modify arbitration awards have been held not to be civil actions for various purposes, see City of Waterbury v. Waterbury Police Union Local 1237, 176 Conn. 401 (1979), it appears that a civil summons is not required in addition to the citation issued by the court pursuant to 525 P.B., and the omission is not a jurisdictional defect.
It is well settled that an application to vacate, confirm or modify an arbitration award is "made" when it is delivered to the clerk's office, and that it is not necessary to complete other functions, such as service upon the respondent, within thirty days. Boltuch v. Rainaud, 137 Conn. 298, 300 (1950).
The motion to dismiss the application is denied.
Beverly J. Hodgson Judge of the Superior Court