******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROSENTHAL LAW FIRM, LLC *v.* JAMES COHEN
(AC 37830)

DiPentima, C. J., and Prescott and Mullins, Js.

*Argued February 4—officially released May 10, 2016*

(Appeal from Superior Court, judicial district of
Hartford, Scholl, J.)

*James Cohen*, self-represented, the appellant
(defendant).

*Edward Rosenthal*, for the appellee (plaintiff).

*Opinion*

MULLINS, J. The self-represented defendant, James Cohen, appeals from the judgment of the trial court granting the application to confirm an arbitration award in favor of the plaintiff, Rosenthal Law Firm, LLC. On appeal, the defendant argues that the court improperly concluded that his application to vacate the arbitration award[1] was untimely and that it should have denied the defendant's application to confirm the arbitration award. We affirm the judgment of the trial court.

The following procedural history informs our resolution of the defendant's appeal. On December 1, 2011, the parties entered into an agreement for legal services whereby they agreed to submit any fee disputes to the Connecticut Bar Association for binding arbitration.[2] On March 3, 2014, the plaintiff petitioned the legal fee resolution board of the Connecticut Bar Association (board) to resolve a fee dispute that had arisen between the parties. After a hearing, a panel of three arbitrators found in favor of the plaintiff. The defendant received notice of the board's award on December 24, 2014.

On January 26, 2015, the plaintiff filed an application to confirm the arbitration award in the Superior Court for the judicial district of Hartford. On February 2, 2015, the defendant filed an application to vacate the arbitration award.[3] On March 17, 2015, the court held a hearing on the application to confirm and the application to vacate. The plaintiff argued, among other things, that the court could not consider the defendant's application to vacate because it was untimely. The defendant countered that although his initial attempt to file the application to vacate was unsuccessful, the application nevertheless was timely filed at the time of the initial attempt. At the conclusion of the hearing, the court rendered an oral decision granting the plaintiff's application to confirm the arbitration award.[4] This appeal followed.

On appeal, the defendant claims that the court incorrectly concluded that his application to vacate was untimely and should have denied the plaintiff's application to confirm for one or more of the following reasons: the defendant was deprived of due process in the commencement of and during arbitration; the arbitration panel demonstrated bias by failing to consider his testimony and evidence; the panel's findings were erroneous; and the award was contrary to public policy. The plaintiff argues, inter alia, that because the defendant did not file the application to vacate within thirty days of receiving notice of the arbitration award, as required by General Statutes § 52-420 (b), the court lacked subject matter jurisdiction over the application to vacate and was obligated to confirm the award. We agree with the plaintiff that because the defendant did not make a timely application to vacate the arbitration award, the

court, pursuant to General Statutes § 52-417, properly granted the application to confirm the award.

Our resolution of the defendant's appeal requires us to determine whether the court properly confirmed the arbitration award under the circumstances of this case. "[A] party may apply for the confirmation of an arbitration award within one year after it has been rendered. Section 52-417 provides that upon such an application, [t]he court or judge *shall* grant such an order confirming the award *unless the award is vacated, modified or corrected* as prescribed in [General Statutes §§] 52-418 and 52-419. . . .

"[Section] 52-418 (a) provides that a court shall grant a motion to vacate if it finds one of the following enumerated defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. General Statutes § 52-420 (b) creates a time limitation on bringing a motion to vacate: No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion.

"The trial court lacks any discretion in confirming the arbitration award unless the award suffers from any of the defects described in . . . §§ 52-418 and 52-419. . . . Furthermore, if a motion to vacate, modify or correct is not made within the thirty day time limit specified in . . . § 52-420, the award may not thereafter be attacked on any of the grounds specified in §§ 52-418 and 52-419." (Emphasis in original; internal quotation marks omitted.) *Directory Assistants, Inc.* v. *Big Country Vein, L.P.*, 134 Conn. App. 415, 420, 39 A.3d 777 (2012).

"[Section] 52-420 (b) does not limit the thirty day filing period to applications arising out of the grounds for vacatur enumerated in § 52-418, but also applies to common-law grounds, such as a claimed violation of public policy." *Asselin & Connolly, Attorneys, LLC* v. *Heath*, 108 Conn. App. 360, 366, 947 A.2d 1051 (2008). "If the motion [to vacate] is not filed within the thirty day time limit, the trial court does not have subject matter jurisdiction over the motion." (Internal quotation marks omitted.) Id., 370.

In the present case, the parties received notice of the board's award on December 24, 2014. Thus, pursuant to § 52-420 (b), the mandatory thirty day deadline to

make an application to vacate the award was Friday, January 23, 2015. Notwithstanding his unsuccessful initial attempt to file an application to vacate, which was returned to him for several reasons; see footnote 3 of this opinion; the defendant did not make an application to vacate the award until he successfully filed it on February 2, 2015; see *Van Mecklenburg* v. *Pan American World Airways, Inc.*, 196 Conn. 517, 518–19, 494 A.2d 549 (1985) (motion submitted to and returned by clerk not deemed filed until resubmitted free from defect noted by clerk); *Boltuch* v. *Rainaud*, 137 Conn. 298, 301, 77 A.2d 94 (1950) (application to vacate arbitration award made when filed with clerk of Superior Court); which was after the expiration of the thirty day time limitation. Consequently, by the time he actually filed his application to vacate, the defendant had lost the ability to raise any statutory or common-law grounds for vacating the award. *Asselin & Connolly, Attorneys, LLC* v. *Heath*, supra, 108 Conn. App. 366. Because the defendant did not timely move to vacate, modify or correct the arbitration award, the trial court had no choice but to confirm the award. *Amalgamated Transit Union Local 1588* v. *Laidlaw Transit, Inc.*, 33 Conn. App. 1, 4–5, 632 A.2d 713 (1993). Accordingly, the court properly granted the plaintiff's application to confirm the award.

The defendant also argues that "the motion to vacate the award was made when it was properly served upon [the] plaintiff."[5] We disagree. There is ample authority that it is the timely filing of an application to vacate that amounts to compliance with § 52-420 (b), not timely service. "A proceeding to vacate an arbitration award is not a civil action, but is rather a special statutory proceeding. . . . As a special statutory proceeding, it is not controlled by the formal requirements for service of process. . . . Section 52-420 (b) requires that a motion to vacate an arbitration award be filed within thirty days of the notice of the award to the moving party." (Citations omitted; internal quotation marks omitted.) *Middlesex Ins. Co.* v. *Castellano*, 225 Conn. 339, 344, 623 A.2d 55 (1993); see also *Boltuch* v. *Rainaud*, supra, 137 Conn. 301.

Because the defendant did not file an application to vacate the arbitration award within the time prescribed by statute, the court properly granted the plaintiff's application to confirm the award.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In actuality, the defendant filed a document entitled "Appeal of Findings and Award of Arbitrators and Objection to Application to Confirm Award." The trial court treated this filing as an application to vacate the arbitration award. For purposes of our analysis, we accept the trial court's characterization of this filing, which the parties do not challenge; see *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Union, Local 14*, 285 Conn. 278, 291, 939 A.2d 561 (2008); *Wu* v. *Chang*, 264 Conn. 307, 310 n.4, 823 A.2d 1197 (2003); and refer to the defendant's filing throughout this opinion as an application to vacate.

[2] Paragraph 11 of the parties' agreement provides that "[a]ll disputes involving attorney's fees, expenses, this agreement, or any aspect of [the firm's] representation of client shall be submitted for binding arbitration to the Connecticut Bar Association. Any costs related to any arbitration shall be split between [the firm] and client."

[3] The defendant initially mailed his application to vacate dated January 20, 2015, to the Superior Court for the judicial district of New Britain. The court admitted into evidence this initial application to vacate, which bears a crossed-out date stamp of January 26, 2015. A New Britain Superior Court clerk returned the initial application to the defendant accompanied by a return of papers form indicating numerous reasons for return, including the lack of certification, case title, docket number, and fee, and the return to the wrong court. The court's electronic filing system indicates that the plaintiff subsequently filed, and the court accepted, an application to vacate in the judicial district of Hartford on February 2, 2015, forty days after he received notice of the board's award.

[4] The trial court file contains a transcript of the March 17, 2015 hearing, signed by the court and dated January 29, 2016, and bearing the handwritten statement that "[t]his transcript reflects the basis of my decision in this matter."

In its decision, the court stated, among other things, that "under the law, I can't really review whether [the arbitrators] made errors of facts or even errors of law. And even assuming that your request to . . . vacate the arbitration [award] was—was timely, which it appears it wasn't, under the statute . . . [the basis of] [y]our argument . . . is that you disagree with their decision on the facts, and I don't have the authority to set that aside."

[5] The defendant states that on January 20, 2015, he mailed the plaintiff a copy of the application to vacate that he had mailed to the judicial district of New Britain on that same date. See footnote 3 of this opinion.