TOWN OF BRANFORD *v.* THOMAS SANTA
BARBARA, JR., ET AL.
(SC 18090)

Norcott, Katz, Palmer, Zarella and McLachlan, Js.*

---

* This case was argued prior to the implementation of the policy of this court to hear all cases en banc.

Argued May 26, 2009—officially released February 16, 2010

*Linda L. Morkan*, with whom, on the brief, were *Steven R. Humphrey, Brian R. Smith* and *Jeffrey J.*

*White,* for the appellants (plaintiffs Thomas Santa Barbara, Jr., et al.).

*Wesley W. Horton* and *William H. Clendenen, Jr.,* with whom were *Kimberly A. Knox* and, on the brief, *Kevin C. Shea, Michael S. Taylor, David A. Reif* and *Matthew A. Weiner,* for the appellee (defendant town of Branford).

*Opinion*

McLACHLAN, J. The question raised by this appeal is whether the offer of judgment statute, General Statutes (Rev. to 2005) § 52-192a,[1] applies in the context of con-

[1] General Statutes (Rev. to 2005) § 52-192a provides in relevant part: "(a) After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may, not later than thirty days before trial, file with the clerk of the court a written 'offer of judgment' signed by the plaintiff or the plaintiff's attorney, directed to the defendant or the defendant's attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of the offer of settlement to the defendant's attorney . . . . Within sixty days after being notified of the filing of the 'offer of judgment' and prior to the rendering of a verdict by the jury or an award by the court, the defendant or the defendant's attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment'. Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the 'offer of judgment' is not accepted within sixty days and prior to the rendering of a verdict by the jury or an award by the court, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. . . .

"(b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in the plaintiff's 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. . . . The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. . . ." All references to § 52-192a in this opinion are to the 2005 revision of the statute.

demnation appeals. The plaintiffs, Thomas Santa Barbara, Jr., and Frank Perrotti, Jr., the owners of real property (owners) condemned by the defendant town of Branford (town),[2] appeal from the judgment of the trial court sustaining the town's objection to the owners' offer of judgment.[3] The owners claim that the court improperly concluded, on the basis of its determination that the offer of judgment statute conflicts with General Statutes § 8-130,[4] which specifically limits the award of

Section 52-192a was amended in 2005 by, inter alia, the substitution of "offer of compromise" for "offer of judgment." See Public Acts 2005, No. 05-275, § 4 (P.A. 05-275). Because P.A. 05-275 is applicable to actions accruing on or after October 1, 2005, it is not applicable to the present matter. Therefore, we refer to the owners' offer as an "offer of judgment" rather than employing the current statutory terminology.

[2] After the town condemned the owners' property and filed a statement of compensation, the owners filed an appeal challenging the statement of compensation. Although this case is captioned *Town of Branford* v. *Thomas Santa Barbara, Jr., et al.*, because the town filed the certificate of taking, this court has recognized that the filing of a statement of compensation does not originate a civil action. See footnote 10 of this opinion. Consequently, we recognize the town as the defendant and the owners as the plaintiffs in this appeal. In order to avoid any confusion that might result from contrary identification by the parties in certain pleadings at the trial level, and to ensure consistency between this case and two companion cases released on the same date as this opinion; see *Branford* v. *Santa Barbara*, 294 Conn. 785, 988 A.2d 209 (2010); *New England Estates, LLC* v. *Branford*, 294 Conn. 817, 988 A.2d 229 (2010); we refer to the parties by name rather than by party status.

[3] The owners appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[4] General Statutes § 8-130 provides in relevant part: "Whenever any redevelopment agency files a statement of compensation as provided for in section 8-129, it shall deposit with the clerk of the Superior Court a sum of money equal to the amount set forth in the statement of compensation to the use of the persons entitled thereto. . . . If the amount of compensation is finally determined through the filing of an amended statement of compensation which is thereafter accepted by the owners and all other persons having a record interest therein as provided for in section 8-131, the redevelopment agency shall deposit with such amended statement an additional sum of money representing the excess over the amount appearing in the original statement of compensation. Interest shall not be allowed in any judgment on so much of the amount as has been deposited in court. . . .

prejudgment interest in condemnation cases, that § 52-192a cannot be utilized in a condemnation appeal. The owners contend that the eminent domain statutory scheme can be read harmoniously with § 52-192a, and that failure to apply § 52-192a to condemnation appeals would run contrary to that statute's well established purpose of encouraging pretrial settlements. The town maintains that General Statutes §§ 8-133[5] and 37-3c[6] provide the exclusive remedy for awards of prejudgment interest to property owners in condemnation cases and, therefore, the offer of judgment statute is inapplicable. The town also argues, for the first time on appeal, that the owners' offer of judgment was invalid because it did not offer to settle the case for a " 'sum certain' " as required by § 52-192a (a). We affirm the judgment of the trial court, albeit on different grounds.

The facts underlying this appeal are set out more fully in the companion cases of *Branford* v. *Santa Barbara*, 294 Conn. 785, 988 A.2d 209 (2010), and *New England Estates, LLC* v. *Branford*, 294 Conn. 817, 988 A.2d 229 (2010), which were released on the same date as this opinion. The following additional facts are necessary for the resolution of this appeal. On December 18,

If the compensation finally awarded exceeds the total amount of money so deposited or received by any person or persons entitled thereto, the court shall enter judgment against the municipality for the amount of the deficiency."

[5] General Statutes § 8-133 provides: "If, as the result of any review under the provisions of section 8-132, the applicant obtains an award from the court greater than the amount determined as compensation by the redevelopment agency, costs of court, including such appraisal fees as the court determines to be reasonable, shall be awarded to the applicant and taxed against the redevelopment agency in addition to the amount fixed by the judgment."

[6] General Statutes § 37-3c provides in relevant part: "The judgment of compensation for a taking of property by eminent domain shall include interest at a rate that is reasonable and just on the amount of the compensation awarded. . . ."

2003, pursuant to General Statutes § 8-129 (a) (3),[7] the town filed a statement of compensation for the taking of property known as 48-86 Tabor Drive in Branford in the amount of $1,167,800. The town also deposited the sum of $1,167,800 with the clerk in the Superior Court. In May, 2004, the owners, believing the amount of the compensation to be inadequate, filed an appeal and application for review of the statement of compensation pursuant to General Statutes § 8-132 (a).[8] Thereafter, in May, 2005, pursuant to § 52-192a (a), the owners filed an offer of judgment in the amount of $3,967,800. In its objection to the offer of judgment, the town argued that an offer of judgment is not appropriate in condemnation cases because an appeal from a statement of compensation does not seek the recovery of money damages and that the application of § 52-192a would be inconsistent with § 37-3c because § 37-3c specifically provides for the recovery of interest in condemnation cases.

Following a hearing on September 19, 2005, the court, *Blue, J.*, sustained the objection to the offer of judg-

[7] General Statutes § 8-129 (a) (3) provides: "The redevelopment agency shall file a statement of compensation, containing a description of the property to be taken and the names of all persons having a record interest therein and setting forth the amount of such compensation, and a deposit as provided in section 8-130, with the clerk of the superior court for the judicial district in which the property affected is located." Although § 8-129 (a) (3) refers only to redevelopment agencies, it is the proper procedure for a town exercising its power of eminent domain pursuant to General Statutes § 48-6 (a). See General Statutes § 48-6 (a) (any municipal corporation purchasing real property for its municipal purposes shall, if it cannot agree with owner regarding amount to be paid for property taken, proceed in accordance with General Statutes § 48-12); General Statutes § 48-12 (procedure for condemning land under § 48-6 shall be in manner specified for redevelopment agencies in accordance with General Statutes §§ 8-128 to 8-133, inclusive).

[8] General Statutes § 8-132 (a) provides in relevant part: "Any person claiming to be aggrieved by the statement of compensation filed by the redevelopment agency may, at any time within six months after the statement of compensation has been filed, apply to the superior court for the judicial district in which such property is situated for a review of such statement of compensation so far as it affects such applicant. . . ."

ment. In its memorandum of decision, the court concluded that § 52-192a, which awards prejudgment interest on the entire amount recovered, cannot be applied to condemnation appeals without violating § 8-130, which prohibits the assessment of interest on the amount deposited by the town in accordance with § 8-129 (a) (3). The court reasoned that applying § 8-130 to the exclusion of § 52-192a is consistent with the well established principle that statutes specific to a particular subject matter control over a more general statute that may also be applicable. See, e.g., *Griswold Airport, Inc.* v. *Madison*, 289 Conn. 723, 729 n.10, 961 A.2d 338 (2008) ("[i]t is a well-settled principle of [statutory] construction that specific terms covering [a] given subject matter will prevail over general language of . . . another statute which might otherwise prove controlling" [internal quotation marks omitted]). Accordingly, the trial court concluded that an offer of judgment cannot be made in condemnation cases.

The question of whether § 52-192a applies properly to an appeal from a statement of compensation presents a question of statutory construction, over which we employ plenary review. *Saunders* v. *Firtel*, 293 Conn. 515, 525, 978 A.2d 487 (2009). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be

considered." (Internal quotation marks omitted.) *PJM & Associates, LC* v. *Bridgeport*, 292 Conn. 125, 134, 971 A.2d 24 (2009).

Our inquiry in any issue of statutory interpretation begins with the language of the statute at issue. See General Statutes § 1-2z; *Director of Health Affairs Policy Planning* v. *Freedom of Information Commission*, 293 Conn. 164, 170, 977 A.2d 148 (2009). The relevant language of § 52-192a (a) provides: "After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may, not later than thirty days before trial, file with the clerk of the court a written 'offer of judgment' signed by the plaintiff or the plaintiff's attorney, directed to the defendant or the defendant's attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. . . ."

Section 52-192a is silent as to the inclusion or exclusion of condemnation appeals.[9] Therefore, we must

---

[9] As we have already explained, in its memorandum of decision, the trial court concluded that § 52-192a appears to conflict with § 8-130. We do not necessarily agree that the two statutes cannot be reconciled; see *Rainforest Cafe, Inc.* v. *Dept. of Revenue Services*, 293 Conn. 363, 378, 977 A.2d 650 (2009) ("[i]f a court can by any fair interpretation find a reasonable field of operation for two allegedly inconsistent statutes, without destroying or preventing their evident meaning and intent, it is the duty of the court to do so" [internal quotation marks omitted]); and note that, in other contexts, this court has harmonized seemingly conflicting statutes by considering the term "amount so recovered"; see General Statutes § 52-192a (b); within the context of the particular litigation. See, e.g., *Stiffler* v. *Continental Ins. Co.*, 288 Conn. 38, 49–50, 950 A.2d 1270 (2008) (when applying § 52-192a in context of uninsured motorist claims pursuant to General Statutes § 38a-336 [b], offer of judgment interest is based on judgment after remittitur rather than verdict amount); *Cardenas* v. *Mixcus*, 264 Conn. 314, 318–19, 324, 823 A.2d 321 (2003) (jury verdict rather than award due plaintiff after apportionment to employer, who had previously paid plaintiff's workers' compensation benefits, should be used to determine offer of judgment interest because employer stood in shoes of plaintiff pursuant to General Statutes § 31-293); *Civiello* v. *Owens-Corning Fiberglass Corp.*, 208 Conn. 82, 91, 544 A.2d 158 (1988) (plaintiff not entitled to offer of judgment interest when

determine whether those appeals come within the purview of § 52-192a. By its terms, § 52-192a (a) sets out three elements that must be met in order to benefit from the offer of judgment statute. Specifically, the party must be: (1) a plaintiff; (2) in a civil action; (3) that is based upon contract or seeking the recovery of money damages. We turn our attention, then, to whether a condemnation appeal satisfies these three requirements.

Because the question of whether persons who file an appeal from a statement of compensation are "plaintiffs" pursuant to § 52-192a (a) turns, in part, on whether such an appeal is a civil action, we first consider whether an appeal from a statement of compensation brought pursuant to § 8-132 is a civil action.[10] Although § 52-192a does not define "civil action," a civil action generally is an action that is commenced by service of process. See General Statutes §§ 52-45a and 52-91;[11] see

jury returned verdict greater than amount in offer of judgment but amount recovered was reduced by remittitur pursuant to General Statutes § 52-216a). We need not address this issue, however, for two reasons. First, as we conclude later in this opinion, the owners' appeal from the statement of compensation did not come within the class of cases to which § 52-192a was applicable in 2005. Second, the 2007 amendment to § 52-192a, which explicitly applies that statute to condemnation appeals, resolves any conflict with § 8-130. General Statutes § 52-192a (c), following its amendment by Public Acts 2007, No. 07-141, § 16, provides in relevant part that "in the case of a counterclaim plaintiff under [§] 8-132, the court shall add to the amount so recovered eight per cent annual interest on the difference between the amount so recovered and the sum certain specified in the counterclaim plaintiff's offer of compromise. . . ." The statute, as amended, does not, therefore, allow for interest on the amount deposited, thereby avoiding conflict with § 8-130.

[10] This court has recognized that the filing of a statement of compensation does not originate a civil action. *Simmons* v. *State*, 160 Conn. 492, 494 n.1, 280 A.2d 351 (1971). A condemnation *appeal*, however, is distinct from the initiation of the condemnation process.

[11] General Statutes § 52-45a provides in relevant part: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment . . . ."

General Statutes § 52-91 provides in relevant part: "There shall be one form of civil action. The first pleading on the part of the plaintiff shall be

also *Board of Education* v. *Tavares Pediatric Center*, 276 Conn. 544, 557–58, 888 A.2d 65 (2006) (Rhode Island administrative proceeding not civil action because not commenced by service of process or controlled by rules of pleading). This rule, however, is not a hard and fast one. Administrative appeals, for example, are civil actions in some circumstances. See Practice Book § 14-6.[12] The offer of judgment statute, therefore, is not clear and unambiguous. See *PJM & Associates, LC* v. *Bridgeport*, supra, 292 Conn. 134 ("[t]he test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation" [internal quotation marks omitted]). Accordingly, we turn to extratextual sources for further guidance as to legislative intent.

A subsequent amendment to § 52-192a (a) is instructive. See *Chambers* v. *Electric Boat Corp.*, 283 Conn. 840, 855 n.8, 930 A.2d 653 (2007) (this court has previously considered subsequent enactments to illuminate legislative intent with respect to earlier legislation). In 2007, as part of its changes to eminent domain legislation following our decision in *Kelo* v. *New London*, 268 Conn. 1, 843 A.2d 500 (2004), aff'd, 545 U.S. 469, 125 S. Ct. 2655, 162 L. Ed. 2d 439 (2005), the legislature added the following language to § 52-192a (a): "For the purposes of this section, such plaintiff includes a counterclaim plaintiff under [§] 8-132 . . . ."

known as the complaint and shall contain a statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for the relief, which shall be a statement of the remedy or remedies sought. . . ."

[12] Practice Book § 14-6 provides: "For purposes of these rules, administrative appeals are civil actions. Whenever these rules refer to civil actions, actions, civil causes, causes or cases, the reference shall include administrative appeals except that: (a) appeals from judgments of the superior court in administrative appeals shall be by certification only as provided by General *Statutes* § 51-197b *as amended, and by* chapter 72 of these rules; and (b) an administrative appeal shall not be deemed an action for purposes of General Statutes §§ 52-591, 52-592 or 52-593."

Public Acts 2007, No. 07-141, § 16 (P.A. 07-141). Public Act 07-141, § 9, also added the following language to § 8-132 (a): "For the purposes of [an application for review of a statement of compensation], review and appeal therefrom, and for the purposes of sections 52-192a to 52-195, inclusive . . . such applicant shall be deemed a counterclaim plaintiff." Thus, in 2007, the legislature unambiguously evidenced an intent that condemnation appeals should be subject to the offer of judgment statute. Significantly, the legislature made the amendments effective from the date of passage of the act, June 25, 2007, and with respect to § 8-132 the changes were "applicable to property acquired on or after said date"; P.A. 07-141, § 9; and with respect to § 52-192a "applicable to applications filed on or after said date . . . ." P.A. 07-141, § 16. "[W]e will not impute to the legislature an intent that is not apparent from unambiguous statutory language in the absence of a compelling reason to do so. Rather, [w]e are bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained." (Internal quotation marks omitted.) *Laliberte* v. *United Security, Inc.*, 261 Conn. 181, 186, 801 A.2d 783 (2002). Accordingly, by the express terms of P.A. 07-141, the 2007 amendments cannot be applied in the present case. See also *In re Michael S.*, 258 Conn. 621, 627, 784 A.2d 317 (2001) ("[i]n determining the effect of a subsequent statutory amendment on earlier legislation . . . [w]e recognize the usual presumption that, in enacting a statute, the legislature intended a change in existing law" [internal quotation marks omitted]).

Additionally, like the trial court, we are mindful that "specific terms in a statute covering a given subject matter will prevail over the more general language of the same or another statute that otherwise might be controlling. . . . This oft-stated principle reflects the fact that specific statutory language constitutes a more

accurate representation of the legislature's purpose or intent than more general pronouncements concerning the same subject matter." (Citations omitted.) *Thibodeau* v. *Design Group One Architects, LLC*, 260 Conn. 691, 713–14, 802 A.2d 731 (2002). Here, the legislature's amendment adding language that specifically applies the offer of judgment statute to condemnation appeals, effective after the passage of P.A. 07-141, controls over more general language, which does not directly implicate § 8-132. In other words, the amendment of § 52-192a in 2007 evidences the legislature's understanding that an amendment was necessary to bring condemnation appeals within the ambit of the offer of judgment statute. The corollary to that is the conclusion that, prior to 2007, the legislature did not intend for § 52-192a to be applicable to condemnation appeals. We conclude, therefore, that the offer of judgment statute did not, in 2005, apply in the context of condemnation appeals.

The punitive nature of the offer of judgment statute supports our conclusion. See *Accettullo* v. *Worcester Ins. Co.*, 256 Conn. 667, 672, 775 A.2d 943 (2001) ("The statute is admittedly punitive in nature. . . . It is the punitive aspect of the statute that effectuates the underlying purpose of the statute and provides the impetus to settle cases." [Internal quotation marks omitted.]); *Civiello* v. *Owens-Corning Fiberglass Corp.*, 208 Conn. 82, 91, 544 A.2d 158 (1988) (§ 52-192a imposes "interest penalty"). Because § 52-192a is punitive, we are required to construe it with "reasonable strictness in determining whether the act complained of comes within the description in the statute of the acts for which the person in fault is made liable." (Internal quotation marks omitted.) *Freeman* v. *Alamo Management Co.*, 221 Conn. 674, 684, 607 A.2d 370 (1992) (discussing punitive provisions in context of General Statutes § 47a-46). Given the ambiguity of § 52-192a, we must interpret

it in favor of the party who would be subject to the punitive consequences of the statute rather than in favor of the party who would benefit from those consequences. Accordingly, in the absence of clear evidence that the legislature intended the offer of judgment statute to apply to condemnation appeals prior to 2007, we cannot impose the consequences of § 52-192a on the town in the present case.

We recognize that in *Loomis Institute* v. *Windsor*, 234 Conn. 169, 179–80, 661 A.2d 1001 (1995), we concluded, relying on the rules of practice, that § 52-192a applied in the context of tax appeals. Specifically, we noted that the rules of practice directly implement § 52-192a through Practice Book § 17-14, formerly Practice Book, 1978–97, § 346,[13] which "mirror[s] the usage of 'civil action' that is found in the statute." Id., 180. We then concluded that because Practice Book §§ 14-5[14] and 14-6, formerly Practice Book, 1978–97, §§ 255 and 256, respectively, define a tax appeal as a civil action, the trial court properly awarded interest to the taxpayer pursuant to § 52-192a. Id., 180–81. Although condemnation appeals, like tax appeals, fit within the definition of administrative appeals in the rules of practice, our

---

[13] Practice Book, 1978–97, § 346 (now § 17-14), provided in relevant part: "After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may, before trial, file with the clerk of the court a written 'offer of judgment' signed by the plaintiff or the plaintiff's attorney, directed to the defendant or the defendant's attorney, offering to settle the claim underlying such action and to stipulate to a judgment for a sum certain. . . ." Although Practice Book § 17-14 subsequently has been amended in accordance with amendments to § 52-192a, the provision in effect in 2005 is substantially the same as the provision in effect in *Loomis*.

[14] Practice Book § 14-5 provides: "For the purposes of these rules, administrative appeals are those appeals taken pursuant to statute from decisions of officers, boards, commissions or agencies of the state or of any political subdivision of the state, and include specifically appeals taken pursuant to:

"(1) chapter 54 of the General Statutes;

"(2) chapters 124 through 134 of the General Statutes; or

"(3) other enabling legislation."

rules of statutory construction lead us to conclude that the subsequent amendment to § 52-192a is the more persuasive extratextual source because it applies specifically to § 8-132.

We also acknowledge the owners' argument that the application of § 52-192a to condemnation appeals would be consistent with the well established purpose of that statute: to encourage the settlement of cases and to provide punitive consequences for litigants who reject reasonable settlement offers. The town contends that § 8-133, which grants the court discretion to shift costs of court to the condemning agency; see footnote 5 of this opinion; is the sole remedy for owners who recover more than the sum in the statement of compensation. Although the General Assembly apparently agrees with the owners in this regard, P.A. 07-141 provides that § 52-192a is applicable only to property condemned on or after July 25, 2007, and, as we have recognized, it is the legislature, and not this court, that is responsible for formulating and implementing public policy. See *Thibodeau* v. *Design Group One Architects, LLC,* supra, 260 Conn. 715. Accordingly, we conclude that the trial court properly concluded that § 52-192a could not be used in this condemnation appeal pursuant to § 8-132.[15]

The judgment is affirmed.

In this opinion the other justices concurred.

---

[15] Because we conclude that the trial court properly sustained the town's objection to the owners' offer of judgment, we need not consider the town's argument, raised for the first time on appeal, that § 52-192a is inapplicable to the present case because the offer of judgment filed by the owners did not offer to settle for a " 'sum certain' " as required by § 52-192a.