TUXIS OHR'S FUEL, INC. *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
(AC 31464)

DiPentima, C. J., and Bear and Peters, Js.

Argued December 7, 2010—officially released April 12, 2011

*Vincent T. McManus, Jr.*, for the appellant (plaintiff).

*Krista Dotson O'Brien*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, former attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellee (named defendant).

*Opinion*

PETERS, J. Eligibility for unemployment compensation and disqualification for unemployment compensation are both entirely statutory. In this case, an employer challenges the validity of a judgment of the trial court upholding an administrative construction of General Statutes § 31-236 (a) (14),[1] pursuant to which the

---

[1] General Statutes § 31-236 provides in relevant part: "(a) An individual shall be ineligible for benefits . . . (14) [i]f the administrator finds that the individual has been discharged or suspended because the individual has been disqualified under state or federal law from performing the work for which such individual was hired as a result of a drug or alcohol testing program mandated by and conducted in accordance with such law . . . ."

employer has been held liable for unemployment benefits for an employee truck driver who lost his commercial driver's license for driving while intoxicated. Relying on prior holdings under a related subsection of § 31-236 (a) and on the statutory requirement in subsection (a) (14) that disqualification results from a state or federal alcohol testing *program*, the trial court dismissed the plaintiff's appeal. We affirm the judgment of the court.

On December 18, 2007, pursuant to General Statutes § 31-249b, the plaintiff, Tuxis Ohr's Fuel, Inc., filed a timely appeal to the Superior Court to challenge a decision of the employment security board of review (review board) finding that a former employee of the plaintiff was entitled to unemployment benefits. The employee, who worked as a driver for the plaintiff, had his commercial driver's license suspended as a result of his arrest for driving, on his own time, while intoxicated. Agreeing with the review board's construction of the relevant statutes, the court dismissed the appeal. The plaintiff has appealed.

The court's memorandum of decision recites the relevant facts, which are undisputed. Gerald T. Aleksiewicz (employee)[2] had been employed by the plaintiff as a fuel oil delivery truck driver since October 12, 2004. State law requires a person driving that type of vehicle to have a commercial driver's license. General Statutes § 14-44a. On July 20, 2007, the employee informed the plaintiff that the department of motor vehicles had suspended his commercial driver's license for one year, effective July 21, 2007, because he had been arrested after an automobile accident that had occurred, off the job, when he was driving his own car. He had registered

[2] Aleksiewicz was also named as a defendant but is not involved in this appeal. We therefore refer in this opinion to the administrator of the Unemployment Compensation Act as the defendant.

a blood alcohol level of .216 percent on a Breathalyzer test. State law provides that the holder of a commercial driver's license will lose his or her license for one year if a blood alcohol test shows a blood alcohol level in excess of .04 percent, when driving a commercial vehicle, or .08 percent when driving any other motor vehicle. General Statutes § 14-44k (c). Although the employee's misconduct did not occur in the course of his employment, the plaintiff discharged him because he could no longer perform the work that he had been hired to do.[3]

The plaintiff argued at trial, as it had argued unsuccessfully in the underlying administrative proceedings, that in light of the fact that the employee had lost his state commercial driver's license as a result of his own misbehavior, he was ineligible for unemployment benefits. According to the plaintiff, the employee's ineligibility is established by § 31-236 (a) (14), because, as the plaintiff construes that provision, the employee had disqualified himself from performing the work for which he had been hired by failing a state alcohol testing program, as manifested by his state mandated license suspension.

The trial court rejected the plaintiff's argument. It noted that the review board, relying on § 31-236 (a) (2) (B),[4] had a well established policy of confining disqualification for unemployment benefits to cases of wilful misconduct *in the course of employment.* In this case, the employee's misconduct, although concededly wilful, had not occurred in the course of his employment. The court furthermore agreed with the review board's construction of § 31-236 (a) (14) to require an employer

---

[3] Whether the plaintiff had other work for the employee was not at issue in the administrative proceedings or before the trial court.

[4] General Statutes § 31-236 (a) (2) (B) provides in relevant part that an individual will not be eligible for unemployment benefits "if, in the opinion of the administrator, the individual has been discharged . . . for . . . wilful misconduct in the course of the individual's employment . . . ."

to establish that its employee "test[ed] positive for alcohol as part of a *testing program conducted by [his employer]*, the plaintiff."[5] (Emphasis added.) Accordingly, the court dismissed the plaintiff's appeal.

On appeal to this court, the plaintiff maintains that the court misconstrued § 31-236 (a) (14). In particular, the plaintiff criticizes the court's acquiescence in the review board's interpolation into the text of § 31-236 (a) (14) of a requirement that an employee be disqualified due to the use of drugs or alcohol as documented by an *employer* testing program.[6]

It is well established that our review of a question of statutory construction is plenary. *Grady* v. *Somers*, 294 Conn. 324, 332, 984 A.2d 684 (2009). The proper construction of § 31-236 (a) (14) is an issue of first impression for the appellate courts of this state.

The text of § 31-236 (a) (14) conditions disqualification for unemployment benefits on an employee's failure of a drug or alcohol testing program "under *state or federal law*." (Emphasis added.) We agree with the plaintiff that nothing in this text warns an employer that it may not rely on this subsection unless it has established its own *employer* "testing program." As a

---

[5] The plaintiff did not offer any testimony or evidence to establish that it had such a program.

[6] At oral argument before this court, the defendant acknowledged that this is the first case in which the review board has addressed the question of what our legislature meant by the phrase "alcohol testing program mandated by and conducted in accordance with such [state or federal] law." "Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference." (Internal quotation marks omitted.) *MacDermid, Inc.* v. *Dept. of Environmental Protection*, 257 Conn. 128, 137, 778 A.2d 7 (2001).

rule, "a court must construe a statute as written. . . . Courts may not by construction supply omissions . . . or add exceptions merely because it appears that good reasons exist for adding them. . . . The intent of the legislature, as this court has repeatedly observed, is to be found not in what the legislature meant to say, but in the meaning of what it did say. . . . It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is a function of the legislature." (Internal quotation marks omitted.) *Viera* v. *Cohen*, 283 Conn. 412, 431–32, 927 A.2d 843 (2007).

Even if the plaintiff has no statutory responsibility to establish its own employee drug or alcohol testing program, it must still establish that its employee should have been found to have been disqualified from driving because of an alcohol testing program under state or federal law. The plaintiff maintains that it met this requirement by presenting undisputed evidence that the employee failed to pass an alcohol test conducted by Meriden police officers in accordance with statewide regulations and that the employee consequently lost his commercial driver's license pursuant to state law.

The defendant, the administrator of the Unemployment Compensation Act, asks us, however, to uphold the ruling of the court that the review board properly found § 31-236 (a) (14) to be inapplicable under the circumstances of this case. The defendant advances two arguments concerning the meaning of state program in § 31-236 (a) (14). The defendant's principal argument is that the review board correctly interpreted the statute to disqualify an employee who fails an alcohol test that is required by *state* law only if that test complied with *federal* law that establishes testing preconditions, including an employee alcohol testing program, that are set out in extensive federal regulations.[7] Concededly,

[7] Part 40 of title 49 of the Code of Federal Regulations contains detailed procedures for transportation workplace drug and alcohol testing programs.

the plaintiff in this case did not have any employee alcohol testing program and, therefore, did not comply with these requirements of federal law. Alternatively, the defendant maintains that the evidence of record does not support the plaintiff's contention that the employee participated in *any* state or federal "drug or alcohol testing program." Although we doubt the validity of the defendant's first argument, we are persuaded by the second argument.

The defendant has not pointed to any language in the text of § 31-236 (a) (14) that supports an argument for categorical assimilation of federal unemployment insurance law into state unemployment law.[8] On its face, the statute unambiguously assigns consequences adverse to an employee testing positive for drugs or alcohol in accordance with a program under *either* state *or* federal law.[9] We note, in addition, that on other occasions in

[8] At oral argument, the defendant also cited General Statutes § 31-225a (c) (1) (E), which provides: "If the administrator finds that . . . (ii) an individual was discharged for violating an employer's drug testing policy, provided the policy has been adopted and applied consistent with sections 31-51t to 31-51aa, inclusive, section 14-261b and any applicable federal law, no benefits paid thereafter to such individual . . . shall be charged to such employer's account . . . ." It maintained that this statutory reference manifests the legislature's intent to incorporate state and federal rules governing employer drug testing into § 31-236 (a) (14). For two reasons, we are unpersuaded. As a matter of appellate procedure, we need not consider the merits of an argument first presented at oral argument, because the opposing party has not had a sufficient opportunity to address its merits. As a matter of substance, the defendant's argument flies in the face of established rules of statutory interpretation. Had the legislature intended to incorporate the same language into § 31-236 (a) (14), it would have done so. The fact that § 31-236 (a) (14) was written more broadly indicates that it should also be interpreted more broadly.

[9] The legislative history cited in the defendant's appendix consistently speaks of drug or alcohol tests under either state or federal law without suggesting an equivalence between them. It is doubtful, moreover, whether, in the absence of an allegation of ambiguity in the text of the statute, the statute's legislative history is properly before us. See General Statutes § 1-2z; *Saunders* v. *Firtel*, 293 Conn. 515, 525, 978 A.2d 487 (2009).

which our legislature has intended to incorporate relevant principles of federal law into our state law, it has done so explicitly. For example, General Statutes § 42-110b, which prohibits unfair trade practices, expressly instructs our courts to be guided by federal decisions under § 5 (a) (1) of the Federal Trade Commission Act, 15 U.S.C. § 45 (a) (1). We are unaware of a similar cross reference in the text of § 31-236 (a) (14).

We need not, however, resolve this issue of statutory construction in this case. Even if we were to accept the plaintiff's construction of the statute, the plaintiff cannot prevail because, as the defendant points out, nothing in the administrative record or in the record before the court establishes that as a matter of state law, its employee lost his commercial driver's license under a state law *program*. All that the plaintiff has ever submitted on this issue is a recital of the historical facts of the employee's failure to pass an alcohol test administered by local police and his consequent loss of his state commercial driver's license. Under these circumstances, it was reasonable for the review board and the court to find that the plaintiff failed, as an evidentiary matter, to prove the existence of a state *program* that would entitle the plaintiff to relief from the burden of contributing to the funding of its former employee's unemployment compensation.

The judgment is affirmed.

In this opinion the other judges concurred.