******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHESTNUT POINT REALTY, LLC *v.* TOWN OF
EAST WINDSOR
(AC 36819)

Lavine, Beach and Prescott, Js.

*Argued April 8—officially released July 21, 2015*

(Appeal from Superior Court, judicial district of New
Britain, Hon. Arnold W. Aronson, judge trial referee.)

*Jonathan M. Starble*, for the appellant (plaintiff).

*Laura A. Cardillo*, with whom, on the brief, was
*Tiffany K. Spinella*, for the appellee (defendant).

*Opinion*

LAVINE, J. The plaintiff, Chestnut Point Realty, LLC, appeals from the judgment of the trial court dismissing its real estate tax appeal.[1] On appeal to this court, the plaintiff claims that the trial court improperly concluded that General Statutes § 12-117a[2] required it to serve its appeal on the defendant, the Town of East Windsor (town), within two months following notice of a decision by its Board of Assessment Appeals (board). More specifically, the plaintiff claims that (1) it met the filing and service requirements of § 12-117a and (2) the court failed to distinguish properly the procedural differences between § 12-117a and common-law civil actions. We affirm the judgment of the trial court.

The following undisputed facts are relevant to this appeal. The plaintiff is the owner of real property located at 171 Main Street in the town. For purposes of the town's grand list of October 1, 2012, the town assessor valued the plaintiff's property at $1,829,330. The plaintiff appealed from the assessment to the board and appeared at a hearing to request a reduction in the assessment. On April 29, 2013, the board denied the plaintiff's request. On May 1, 2013, the assessor mailed notice of the board's decision to the plaintiff.[3]

On June 28, 2013, the plaintiff filed an application in the Superior Court that was titled "Complaint," bore a return date of July 23, 2013, and was accompanied by a citation and recognizance. On July 10, 2013, a marshal served the application, citation, and recognizance on the town and, on July 17, 2013, filed the return of service in court. On August 14, 2013, the town filed a motion to dismiss the appeal on the ground that the court lacked subject matter jurisdiction because the plaintiff had failed to serve the appeal within two months from the date notice of the board's decision was mailed. The parties appeared before the court to argue the town's motion to dismiss. The court issued a memorandum of decision on April 14, 2014, in which it granted the motion, thus dismissing the plaintiff's tax appeal.

The court found that the plaintiff had filed a citation and complaint in the Superior Court in the judicial district of Hartford on June 28, 2013, but did not serve the town with the citation and complaint until July 10, 2013, which is beyond the two month period, commencing May 1, 2013, to take an appeal as required by § 12-117a. The issue decided by the court was whether "the act of filing an application and citation with the court effects an appeal from the [board] pursuant to § 12-117a." The court concluded that filing an application and citation in court does not commence a tax appeal.

In its memorandum of decision, the court noted that appeals from "administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance

with the statutory provisions by which it is created." (Citations omitted; internal quotation marks omitted.) *Raines* v. *Freedom of Information Commission*, 221 Conn. 482, 489, 604 A.2d 819 (1992). Moreover, the court stated, a tax appeal is a civil action. See Practice Book §§ 14-5[4] and 14-6[5]; see also *Branford* v. *Santa Barbara*, 294 Conn. 803, 815, 988 A.2d 221 (2010) (rules of practice define tax appeal as civil action). The court concluded that the plaintiff's delivery of an application and citation to the Superior Court did not commence the appeal process because the appeal process begins with the service of the citation and complaint on the town. Without proper service of process the town would have no way of knowing that the plaintiff had brought an action against it. The court granted the town's motion to dismiss because the plaintiff failed to serve the town within the two month period for taking an appeal pursuant to §12-117a. The plaintiff appealed to this court.

On appeal, the plaintiff claims that the court improperly concluded that § 12-117a requires the owner of property to serve the town with the complaint and citation within two months of the board's notice. The plaintiff's claim requires us to construe the statute. It is well established that statutory construction is a question of law and our review of such questions is plenary. See *Tuxis Ohr's Fuel, Inc.* v. *Administrator, Unemployment Compensation Act*, 127 Conn. App. 739, 743, 16 A.3d 777 (2011), aff'd, 309 Conn. 412, 72 A.3d 13 (2013).

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *PJM & Associates, LC* v. *Bridgeport*, 292 Conn. 125, 134, 971 A.2d 24 (2009). We discern no ambiguities in the language of the statute, and therefore we do not resort to extratextual evidence.

We begin with the language of the statute at issue. *Branford* v. *Santa Barbara*, supra, 294 Conn. 810. Section 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of the . . . board of assessment appeals . . . may, *within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal* therefrom . . . to the superior court . . . which shall be accompanied by a citation to such town . . . to appear before

said court. Such citation shall be signed by the same authority and *such appeal shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action.*" (Emphasis added.)

"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) *Southern New England Telephone Co.* v. *Board of Tax Review*, 31 Conn. App. 155, 160–61, 623 A.2d 1027 (1993).

The salient language of the statute requires that a person claiming to be aggrieved by the assessor's valuation may, within two months, make application to the Superior Court in the nature of an appeal, which shall be served and returned in the same manner as a summons in a civil action. Nothing in the statute abrogates the usual requirements that are applicable to the commencement of a civil action.

As the trial court properly noted, a tax appeal is a civil action. See *Branford* v. *Santa Barbara*, supra, 294 Conn. 815. Civil actions are commenced by service of process. General Statutes § 52-45a; *Rios* v. *CCMC Corp.*, 106 Conn. App. 810, 820, 943 A.2d 544 (2008) ("[l]egal actions in Connecticut are commenced by service of process" [internal quotation marks omitted]). General Statutes § 52-91 provides in relevant part: "There shall be one form of civil action. The first pleading on the part of the plaintiff shall be known as the complaint . . . ." See also *Board of Education* v. *Tavares Pediatric Center*, 276 Conn. 544, 557, 888 A.2d 65 (2006) ("title 52 correspondingly defines a civil action, without equivocation, as be[ing] commenced by legal process" [internal quotation marks omitted]).

As the relevant statutes and rules of practice provide, and as our Supreme Court has held, an administrative appeal is a civil action. A civil action is commenced by service of process. "[A] writ of summons is a statutory prerequisite to the commencement of a civil action. . . . A writ of summons is analogous to a citation in an administrative appeal . . . it is an essential element to the validity of the jurisdiction of the court." (Citations omitted; internal quotation marks omitted.) *New England Road, Inc.* v. *Planning & Zoning Commission*, 308 Conn. 180, 190, 61 A.3d 505 (2013). The need for and purpose of a citation was addressed by our Supreme Court in *Village Creek Homeowners Assn.* v. *Public Utilities Commission*, 148 Conn. 336, 340, 170 A.2d 732 (1961). A citation "is a command to a duly authorized officer to summon the commission and all parties having an interest adverse to the appellant to appear in court on a specified day to answer the com-

plaint. The summons is to be by service of true and attested copies of the complaint and the citation in the manner provided for the service of civil process. . . . The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command." (Citation omitted.) Id., 338–39.

The plaintiff contends on appeal that there is nothing in the statute that links the two month deadline with service of process because § 12-117a is described in terms of an application and an appeal rather than a complaint. We disagree. The statute provides that an application shall be made in the nature of an appeal and that the appeal shall be served and returnable as required in the case of a summons in a civil action. The plaintiff, however, has isolated the words "make application" from the words "in the same manner as is required in case of a summons in a civil action." The two sets of words are connected in the statute by the intervening words "served and returned." Moreover, the plaintiff further isolates the statutory requirements by viewing them chronologically when they must be applied as a unified whole. The words of a statute must be read in the context of the entire statute. See *Wiseman* v. *Armstrong*, 269 Conn. 802, 810, 850 A.2d 114 (2004).

The parties correctly note that no appellate court has decided the precise question raised in the present appeal.[6] The judges of the Superior Court, however, "uniformly have held that service on the defendant determines the time at which an appeal is deemed to have been filed." *Greenwich New Englander Motor Motel Association, L.P.* v. *Greenwich*, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV-94-0139502-S (April 7, 1995). Our research has disclosed more than fifty cases in which the judges of the Superior Court have determined that the time a tax appeal is filed is determined by the date service of process is made on the defendant. See, e.g., id.; *Ghent* v. *Greenwich*, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV-94-0139416-S (April 4, 1995); *Cooper* v. *Board of Tax Review*, Superior Court, judicial district of Fairfield, Docket No. CV-94-313781-S (August 18, 1994), aff'd, 37 Conn. App. 914, 655 A.2d 818, cert. denied, 233 Conn. 916, 659 A.2d 185 (1995); *Cohen* v. *Morris*, Superior Court, judicial district of Litchfield, Docket No. CV-0059778-S (August 18, 1992); *Hall* v. *Goshen*, Superior Court, judicial district of Litchfield, Docket No. CV-0056240-S (October 23, 1991) (6 C.S.C.R. 1025) (5 Conn. L. Rptr. 614); see also *Gregersen* v. *Wilton*, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV-89-0100691-S (December 18, 1989) (5 C.S.C.R. 119) (1 Conn. L. Rptr. 111) (appeal initiated by service of process on secretary of commission, citing *Valley Cable Vision, Inc.* v. *Public Utilities Commission*, 175 Conn. 30, 31, 392 A.2d 485 [1978]).[7]

We recognize that an appellate court is not bound by the decisions of a trial court, but the trial court decisions cited in the previous paragraph and similar others are compelling evidence that the legislature intended that an appeal from the decision of a tax review board is commenced by service of process, as in civil actions. This is so because the "legislature is presumed to be aware of the interpretation of a statute and . . . its subsequent nonaction may be understood as a validation of that interpretation. . . . This presumption is strengthened when the legislature has affirmatively reenacted the statute after the interpretation in question." (Internal quotation marks omitted.) *Jolly, Inc.* v. *Zoning Board of Appeals*, 237 Conn. 184, 200–201, 676 A.2d 831 (1996). Apart from modifying the language of the statute to state that the appeal period commences when notice of the board's decision is mailed, the legislature has not otherwise changed the language of the statute at issue in this appeal. See footnote 7 of this opinion.

In the present case, the court determined that the plaintiff's delivery of its application and citation to the Superior Court did not commence the appeal process, noting that the appeal process begins with the service of the citation and complaint on the town. The court found that the plaintiff had failed to do so within two months of notice of the board's decision. We agree with the trial court that § 12-117a requires that the application to appeal from a decision of the board is to be made within two months of notice of the decision. The plaintiff did not serve the town until July 10, 2013, which is undisputed. The court, therefore, properly determined that it lacked subject matter jurisdiction over the plaintiff's appeal as the appeal was not commenced in the time required by § 12-117a.

In addition to the clear language of the statute, we note that there are public policy reasons for the two month time limit in § 12-117a, namely, government's need for fiscal certainty. See *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 15, 730 A.2d 1128 (1999) (municipality, like any government entity, needs to know tax base with reasonable certainty). Statutes provide property owners with relief from valuations placed on their property by assessors by way of "an appeal to the board of relief, and from it to the courts . . . . These statutes limit to a short period the time within which the property owner can seek relief under them, and the purpose of this is undoubtedly to prevent delays in the ultimate determination of the amounts a municipality can collect as taxes." (Citations omitted.) *Cohn* v. *Hartford*, 130 Conn. 699, 702, 37 A.2d 237 (1944).

In its analysis of § 12-117a, the plaintiff trips over the word *application*. In doing so, the plaintiff relies on *Boltuch* v. *Rainaud*, 137 Conn. 298, 77 A.2d 94 (1950), where the word application appears in the controlling

statute in that case.[8] *Boltuch* is distinguishable from the present case because it concerns motions to vacate, modify or correct an arbitration award. Id., 298–99. Applications to confirm an arbitration award are special proceedings, not civil actions authorized by statute and, therefore, do not require the service of process. In *Boltuch*, service of a citation was not necessary as the application was made when it was filed in court. Id., 301.

The plaintiff also claims that the court failed to properly distinguish the procedural differences between § 12-117a and the commencement of common-law actions as explained in *Boltuch*. The plaintiff argues that if "§ 12-177a required a plaintiff to commence a tax appeal in the exact same manner as a typical civil action, then the statute simply would have instructed the taxpayer to 'commence an action within two months in the usual manner of a civil action.' If that were the case, then the service would have to occur within two months, but the filing would happen afterward." The plaintiff's argument is unavailing. The issue in this appeal is whether the plaintiff's appeal was timely commenced. A tax appeal is a civil action; such actions are commenced when civil process is served.

The plaintiff failed to serve the town within two months from the date notice of the board's decision was mailed. We, therefore, conclude that the court properly granted the town's motion to dismiss the appeal for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] This case was heard in conjunction with *Kettle Brook Realty, LLC* v. *East Windsor*, 158 Conn. App. 576,     A.3d     (2015). Although the two cases are similar, they were considered separately and have been reported separately.

[2] General Statutes § 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of the . . . board of assessment appeals . . . may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom . . . to the superior court . . . which shall be accompanied by a citation to such town . . . to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action. . . ."

[3] In its brief on appeal, the plaintiff directs us to a statement that appears at the bottom of the notice, to wit: "*Appeals from the decision of the Board of Assessment Appeals are to be filed with the Superior Court within two (2) months of the Board's action.*" (Emphasis in original.) The plaintiff contends that the statement is consistent with our Supreme Court's directive in *Boltuch* v. *Rainaud*, 137 Conn. 298, 77 A.2d 94 (1950). We need not consider the statement at the bottom of the town's notice. The plaintiff's appeal is controlled by § 12-117a.

[4] Practice Book § 14-5 provides in relevant part: "For the purposes of these rules, administrative appeals are those appeals taken pursuant to statute from decisions of . . . boards . . . of any political subdivision of the state, and include specifically appeals taken pursuant to . . . (3) . . . enabling legislation."

[5] Practice Book § 14-6 provides in relevant part: "For purposes of these rules, *administrative appeals are civil actions* subject to the provisions and exclusions of General Statutes § 4-183 et seq. and the Practice Book. Whenever these rules refer to civil actions . . . the reference shall include

administrative appeals . . . ."

[6] In *Mary Catherine Development Co.* v. *Glastonbury*, 42 Conn. App. 318, 319–20, 679 A.2d 52 (1996), the sole issue raised was when the two month appeal period commenced. General Statutes (Rev. to 1995) § 12-117a provided in pertinent part "may, within two months from *the time of such action*, make application . . . ." (Emphasis added.)

[7] Section 12-117a previously was codified as General Statutes § 12-118. See *Timber Trails Associates* v. *New Fairfield*, 226 Conn. 407, 411 n.8, 627 A.2d 932 (1993) (legislative history of § 12-117a). With respect to the Superior Court cases cited in this opinion, the relevant language from General Statutes (Rev. to 1989) § 12-118 and continued through various Public Acts provided as follows: "Any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city, may within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court . . . ."

[8] "Any [such] application . . . shall be heard in the manner provided by law for hearing written motions at short calendar session, or otherwise as the court or judge may direct to dispose of the case with the least possible delay. This indicates that notice of the pendency of the application or motion should be given but that it may be of the most informal character and should be prompt." *Boltuch* v. *Rainaud*, supra, 137 Conn. 300. At the time *Boltuch* was decided, the statute was codified as General Statutes § 8161 and is now General Statutes § 52-418.

———————————————