J-S69033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| UBALDO DAMIAN NOLASCO, | |
| Appellant | No. 538 MDA 2016 |

Appeal from the Judgment of Sentence February 26, 2016
in the Court of Common Pleas of Franklin County
Criminal Division at Nos.: CP-28-CR-0001028-2015
CP-28-CR-0001039-2015

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| UBALDO DAMIAN NOLASCO, | |
| Appellant | No. 539 MDA 2016 |

Appeal from the Judgment of Sentence February 26, 2016
in the Court of Common Pleas of Franklin County
Criminal Division at Nos.: CP-28-CR-0001028-2015
CP-28-CR-0001039-2015

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 06, 2016**

---

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated cases,[1] Appellant, Ubaldo Damian Nolasko, appeals from the judgment of sentence imposed following his entry of *nolo contendere* pleas to one count each of rape of a child and involuntary deviate sexual intercourse with a child (IDSI),[2] at the above-referenced docket numbers. On appeal, Appellant challenges the trial court's imposition of consecutive, rather than concurrent, sentences. Counsel for Appellant has petitioned to withdraw on the ground that his issue on appeal is wholly frivolous.[3] We grant counsel's petition to withdraw and affirm the judgment of sentence.

The relevant facts and procedural history of this case are as follows. On October 29, 2015, Appellant entered negotiated *nolo contendere* pleas to rape of a child at Docket No. 1028-2015 and IDSI at Docket No. 1039-2015. The charges stem from Appellant's rape and sexual abuse of his then-paramour's two daughters over a two and one-half year period while they were between the ages of seven and nine, and eight and ten, years old. In exchange for the plea, the Commonwealth agreed to dismiss the remaining charges against him. At the February 26, 2016 sentencing hearing, the trial court determined that Appellant met the criteria for classification as a

---

[1] This Court consolidated the appeals *sua sponte* on April 22, 2016.

[2] 18 Pa.C.S.A. §§ 3121(c) and 3123(b), respectively.

[3] *See **Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

- 2 -

sexually violent predator (SVP), and noted that it had considered the information contained in a pre-sentence investigation report (PSI). In accordance with the plea agreement, the court sentenced Appellant to the agreed-upon term of incarceration of not less than five nor more than ten years' on the rape count, followed by a consecutive term of not less than five nor more than ten years' on the IDSI count.

On March 1, 2016, Appellant filed a timely post-sentence motion acknowledging that the plea agreement provided for consecutive sentences, but nonetheless requesting that the court modify the aggregate sentence to run the individual sentences concurrently. **See** Pa.R.Crim.P. 720(A)(1). On March 3, 2016, the court entered an order denying the motion. Appellant filed a timely notice of appeal on April 1, 2016.[4] On April 4, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On April 27, 2016, the court entered an opinion noting that Appellant had not filed a Rule 1925(b) statement as ordered, and addressing the sentencing issue Appellant raised in his post-sentence motion. **See** Pa.R.A.P. 1925(a). The next day, counsel for Appellant filed a Rule 1925(b) statement raising the same sentencing issue,

_____

[4] We note that although Appellant purports to appeal from the court's order denying his post-sentence motion, "a direct appeal in a criminal case can only lie from the judgment of sentence." **Commonwealth v. Lawrence**, 99 A.3d 116, 117 n.1 (Pa. Super. 2014), *appeal denied*, 114 A.3d 416 (Pa. 2015) (citation omitted).

and stating his intention to file an **Anders** brief.  **See** Pa.R.A.P. 1925(b), (c)(4).[5]

On June 24, 2016, counsel for Appellant filed an **Anders** brief and a petition to withdraw as counsel stating his belief that this appeal is wholly frivolous.  (**See** Petition to Withdraw as Counsel, 6/24/16, at unnumbered page 1).  Appellant has not responded.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders**, **supra** and **Santiago**, **supra**. Therefore,

> counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.

_____

[5] Appellant's Rule 1925(b) statement was untimely.  However, this Court may address the merits of a criminal appeal where an appellant files an untimely concise statement if the trial court prepared an opinion addressing the issue(s) raised on appeal.  **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012) ("[w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we . . . may address the merits of the issues presented.") (citation omitted); **see also Commonwealth v. Veon**, 109 A.3d 754, 762 (Pa. Super. 2015), *appeal granted in part*, 121 A.3d 954 (Pa. 2015).

*Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa. Super. 2006) (citations omitted). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Id.* (citation omitted).

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Here, counsel's petition to withdraw states that he conducted a conscientious review of the certified record and determined the appeal is wholly frivolous. Counsel provided copies of the *Anders* brief and petition to withdraw to Appellant. Counsel also sent Appellant a letter explaining Appellant's right to obtain new counsel, or to proceed *pro se* to raise any additional issues for this Court's consideration, and has attached a copy of this letter to the petition to withdraw. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005). In the *Anders* brief, counsel provides a statement of the case and refers to relevant law and evidence of record that might arguably support Appellant's discretionary aspects of sentencing claim on appeal. Counsel further states his reasons for his conclusion that

the appeal is wholly frivolous. Therefore, counsel has complied with the requirements of **Anders** and **Santiago**. Accordingly, we will proceed to an independent review of the issue raised in the **Anders** brief. **See Palm**, **supra** at 1246.

The **Anders** brief raises the following issue for our review: "Did the trial court abuse its discretion when it imposed consecutive, rather than concurrent, sentences and did not modify [Appellant's] consecutive [five to ten] year [State Correctional Institution] sentences to concurrent [five to ten] year [State Correctional Institution] sentences?" (**Anders** Brief, at 10).[6] Appellant claims that the consecutive sentences are unduly harsh and excessive. (**See id.** at 12). This claim merits no relief.

It is well established "that in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Leidig**, 850 A.2d 743, 745 (Pa. Super. 2004), *affirmed*, 956 A.2d 399 (Pa. 2008) (citation omitted). "One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008) (citation omitted). Therefore, where the trial court imposed a sentence the defendant negotiated with the Commonwealth, there is no authority to permit an excessiveness challenge. **See Commonwealth v. Reid**, 117

---

[6] The Commonwealth has advised this Court of its intention not to file a brief. (**See** Commonwealth's Letter, 7/25/16).

A.3d 777, 784 (Pa. Super. 2015) (stating claim raising challenge to discretionary aspects of appellant's negotiated sentence is unreviewable).

Here, Appellant's claim that his consecutive sentences are harsh and excessive presents a challenge to the discretionary aspects of his negotiated sentence, which he waived upon the entry of his *nolo contendere* plea. ***See id.*** Thus, Appellant's claim is unreviewable. ***See id.*** Accordingly, the issue raised in the ***Anders*** brief is frivolous. Furthermore, after independent review, we determine that there are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." ***Palm***, ***supra*** at 1246.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016

- 7 -